SUE WALKER, JUSTICE
I. INTRODUCTION
Appellant Michael Ray Senn sexually assaulted and impregnated his eighteen-year-old mentally-disabled biological daughter Brenda.[1] A jury convicted Senn of sexual assault, for which he was sentenced to life imprisonment after his conviction was statutorily enhanced from a second-degree felony to a first-degree felony under Texas Penal Code section 22.011(f).[2] See Tex. Penal Code Ann. § 22.011(f) (West 2011). In four issues, Senn challenges the sufficiency of the evidence to trigger the enhancement, the constitutionality of section 22.011(f) as applied to him, and the absence of a bigamy instruction from the jury charge. For the reasons stated below, we will affirm.[3]
II. THE EVIDENCE IS SUFFICIENT TO TRIGGER THE ENHANCEMENT
In his first issue, Senn argues that the evidence is insufficient to trigger the statutory enhancement under section 22.011(f). Specifically, Senn argues that there is no evidence that he was engaged in a bigamous relationship with Brenda.
A. Standard of Review
In our due-process review of the sufficiency of the evidence, we view all of the evidence in the light most favorable to the jury's answer to the special issue to determine whether any rational trier of fact could have found the essential elements of the special issue beyond a reasonable doubt.
*176 Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) ; Gale v. State , 998 S.W.2d 221, 224 (Tex. Crim. App. 1999) ; Stewart v. State , 350 S.W.3d 750, 755 (Tex. App.-Amarillo 2011, pet. ref'd).
B. The Law on Construing Statutes
In interpreting statutes, we presume that the legislature intended for the entire statutory scheme to be effective. See Tex. Gov't Code Ann. § 311.021(2) (West 2013); Murray v. State , 302 S.W.3d 874, 879, 881 (Tex. Crim. App. 2009) (in construing statute, court looked to other provisions within entire "statutory scheme" rather than merely the single, discrete provision at issue). We give effect to the plain meaning of the statute's text unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended. Ex parte Perry , 483 S.W.3d 884, 902 (Tex. Crim. App. 2016) ; Boykin v. State , 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). In determining plain meaning, we consult dictionary definitions, apply the rules of grammar, and consider words in context. Perry , 483 S.W.3d at 902. If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, "then and only then , out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history." Boykin , 818 S.W.2d at 785-86 ; see also Mahaffey v. State , 364 S.W.3d 908, 913 (Tex. Crim. App. 2012).
C. The Statutory Provisions at Issue
Section 22.011(f) of the penal code enhances the offense of sexual assault from a second-degree felony to a first-degree felony "if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01." Tex. Penal Code Ann. § 22.011(f). Section 25.01 (the bigamy statute) states,
(a) An individual commits an offense if:
(1) he is legally married and he:
(A) purports to marry or does marry a person other than his spouse in this state, or any other state or foreign country, under circumstances that would, but for the actor's prior marriage, constitute a marriage; or
(B) lives with a person other than his spouse in this state under the appearance of being married; or
(2) he knows that a married person other than his spouse is married and he:
(A) purports to marry or does marry that person in this state, or any other state or foreign country, under circumstances that would, but for the person's prior marriage, constitute a marriage; or
(B) lives with that person in this state under the appearance of being married.
Id. § 25.01 (West Supp. 2016).
D. Facts Pertinent to the Special Issue
The trial court's charge instructed the jury on the offense of sexual assault as alleged in count one of the indictment[4] and included the following special issue, which substantially tracked section 22.011(f) :
*177 Do you find beyond a reasonable doubt that at the time the offense of sexual assault, as set out above, was committed, [Brenda] was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married?
The jury found Senn guilty of the offense of sexual assault as charged in count one of the indictment and responded affirmatively to the special issue, thus elevating the offense from a second-degree felony to a first-degree felony. See Tex. Penal Code Ann. § 22.011(f). As a result, the punishment range was five to ninety-nine years or life and a fine not to exceed $10,000. See itation index="16" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%2022.011">id. § 12.32 (West 2011). The jury assessed punishment on the sexual assault conviction at life imprisonment, and the trial court sentenced Senn accordingly.
E. Proof of a Bigamous Relationship Is Not Required Here
Under a plain reading of section 22.011(f), a sexual assault may be enhanced to a first-degree felony when the victim is a person (1) whom the actor was prohibited from marrying or purporting to marry or (2) with whom the actor was prohibited from living under the appearance of being married under section 25.01. See id. § 22.011(f). Section 22.011(f)'s phrase "prohibited from marrying" is not modified by the phrase "under Section 25.01"; there is no comma preceding "under Section 25.01" to indicate that it was intended to modify the preceding clauses and not just the last one. See Tex. Gov't Code Ann. § 311.011(a) (West 2013) (requiring courts to construe words and phrases "according to the rules of grammar and common usage"); Ludwig v. State , 931 S.W.2d 239, 241 (Tex. Crim. App. 1996) (noting that "[g]enerally, the presence of a comma separating a modifying clause in a statute from the clause immediately preceding is an indication that the modifying clause was intended to modify all the preceding clauses and not only the last antecedent one" and presuming that this convention of punctuation applies equally to phrases as to clauses); William Strunk, Jr. & E.B. White, The Elements of Style 30 (4th ed. 2000) ("Modifiers should come, if possible, next to the words they modify."); Bryan A. Garner, Garner's Modern American Usage 431 (1998) ("When a word refers to an antecedent, the true antecedent should generally be the closest possible one."). Moreover, a comparison of the text of section 22.011(f) to the text of section 25.01 reveals that section 25.01 defines the offense of bigamy using the phrases "purports to marry" or "lives with ... under the appearance of being married." See Tex. Penal Code Ann. § 25.01(a). Section 25.01 does not include the phrase "prohibited from marrying." See itation index="21" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%2025.01">id. Thus, under both a plain reading of the statute-applying the rules of grammar, and a comparison of the language used in section 25.01-looking to other provisions within the statutory scheme, it is clear that the phrase "prohibited from marrying" is not tied to the phrase "under Section 25.01." The State was therefore not required to show that Senn was engaged in a bigamous relationship with Brenda under section 25.01 in order to trigger application of penal code section 22.011(f)'s enhancement provision.
Senn argues that Rosseau controls the outcome here. See *178 State v. Rosseau , 396 S.W.3d 550, 557-58 (Tex. Crim. App. 2013). Relying on the statement from Rosseau -that "[t]he 'under Section 25.01 ' portion of the statute suggests that the provision applies when both sexual assault and bigamous conduct are alleged," Senn argues that Rosseau "stands for the proposition that both sexual assault and bigamous conduct must be proven to trigger the enhancement under § 22.011." See id. at 558. Rosseau , however, dealt with a facial challenge to section 22.011(f), and the statement that Senn relies on was made by the Texas Court of Criminal Appeals in the context of recognizing one valid application of the statute-the punishment of bigamists who sexually assault their purported spouses-to defeat Rosseau's facial challenge. See ids="7093676" index="24" url="https://cite.case.law/sw3d/396/550/#p557">id. We do not interpret this holding as requiring proof of bigamous conduct to trigger enhancement under section 22.011(f).[5] The State was therefore not required to prove the existence of a bigamous relationship between Senn and Brenda. See Arteaga v. State , 511 S.W.3d 675, 691-92 (Tex. App.-Corpus Christi 2015, pet. granted) (stating that because the State did not charge appellant with bigamy, the State should not have been required to prove the existence of a bigamous relationship, an element not contained in the indictment).
F. Evidence Supporting the Enhancement
Here, the enhancement under section 22.011(f) was triggered if the State proved that Brenda was a person whom Senn was prohibited (1) from marrying, (2) from purporting to marry, or (3) from living under the appearance of being married under section 25.01. See Tex. Penal Code Ann. § 22.011(f). The evidence at trial focused on whether Brenda was a person whom Senn was prohibited from marrying.[6] The State put on evidence that Senn impregnated Brenda and that Brenda was Senn's biological daughter.[7] Accordingly, Brenda was a person whom Senn was prohibited from marrying. See generally Tex. Fam. Code Ann. § 6.201(1) (West 2006) (stating that marriage is void if one party to the marriage is related to the other as a descendant by blood or adoption).
Viewing all of the evidence in the light most favorable to the jury's answer to the special issue, a rational trier of fact could have found beyond a reasonable doubt the essential elements of the special issue-that Brenda was a person whom Senn was prohibited from marrying. See Jackson , 443 U.S. at 319, 99 S.Ct. at 2789 ; Gale , 998 S.W.2d at 224 ; Stewart , 350 S.W.3d at 755. Accordingly, we hold that the evidence is sufficient to trigger the statutory enhancement for sexual assault under section 22.011(f), and we overrule Senn's first issue.
III. SECTION 22.011(F) IS NOT UNCONSTITUTIONAL AS APPLIED TO SENN
In his second issue, Senn argues that section 22.011(f) is unconstitutionally vague *179 as applied to him in violation of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.[8] In his third issue, Senn argues that section 22.011(f), as applied to him, violates equal protection under the Fourteenth Amendment to the United States Constitution.[9] We discuss each of these constitutional challenges below.
A. Standard of Review
An as-applied challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. Faust v. State , 491 S.W.3d 733, 743 (Tex. Crim. App. 2015), cert. denied , --- U.S. ----, 137 S.Ct. 620, 196 L.Ed.2d 515 (2017). When reviewing the constitutionality of a statute, we presume that the statute is valid and that the legislature acted reasonably in enacting it. Id. at 743-44. A challenger to the constitutionality of a statute has the burden to establish its unconstitutionality. Rosseau , 396 S.W.3d at 557.
B. Section 22.011(f), As Applied to Senn, Is Not Unconstitutionally Vague and Therefore Does Not Violate Due Process
1. The Law on Reviewing a Vagueness Challenge
To withstand a vagueness challenge, a criminal statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. Kolender v. Lawson , 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) ; Grayned v. Rockford , 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972) ; Long v. State , 931 S.W.2d 285, 287 (Tex. Crim. App. 1996). Further, the law must establish determinate guidelines for law enforcement. Long , 931 S.W.2d at 287.
A statute is not rendered unconstitutionally vague merely because words or terms are not specifically defined. Engelking v. State , 750 S.W.2d 213, 215 (Tex. Crim. App. 1988) ; Ahearn v. State , 588 S.W.2d 327, 338 (Tex. Crim. App. [Panel Op.] 1979). Instead, undefined terms in a statute are to be given their plain and ordinary meaning, and words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not considered vague and indefinite. Watson v. State , 369 S.W.3d 865, 870 (Tex. Crim. App. 2012) ; see Tex. Gov't Code Ann. § 311.011(a) (providing that statutory "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage").
When a court analyzes a statute pursuant to a vagueness challenge and when, as here, no First Amendment rights *180 are involved, the reviewing court "need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct." Bynum v. State , 767 S.W.2d 769, 774 (Tex. Crim. App. 1989). The challenging party bears the burden to establish that the statute is unconstitutional as applied to him; that it might be unconstitutional as applied to others is not sufficient. See Vuong v. State , 830 S.W.2d 929, 941 (Tex. Crim. App.), cert. denied , 506 U.S. 997, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992). We must look at appellant's conduct alone and then examine whether that conduct was clearly prohibited by the statute. Cain v. State , 855 S.W.2d 714, 718 (Tex. Crim. App. 1993).
2. Senn's Vagueness Challenges
Senn challenges the statute as unconstitutionally vague on both grounds: (1) lack of notice and (2) "standardless" enforcement. See Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 2556, 192 L.Ed.2d 569 (2015) (citing Kolender , 461 U.S. at 357-58, 103 S.Ct. at 1858 ). We address each of his grounds below.
a. Section 22.011(f) Provides Fair Notice of the Prohibited Conduct
Senn argues that "the statute fails to provide adequate notice that being married will subject an offender to a significantly greater punishment for a sexual assault than a single person." Senn contends that section 22.011(f)"specifically indicates that the enhancement applies if the 'victim was a person whom the actor was prohibited from marrying ... under Section 25.01 ' " and that "[r]eviewing section 22.011(f) alongside § 25.01 would seem to lead an ordinary individual to believe that he must be engaged in a bigamous relationship to be subjected to the higher penalty."
Here, looking at Senn's conduct alone, as we are required to do in an as-applied challenge, he sexually assaulted his eighteen-year-old mentally-disabled biological daughter. See Cain , 855 S.W.2d at 718. As discussed in the analysis of Senn's first issue, the State put on evidence of the preceding facts to prove up the enhancement-that Brenda was a person whom Senn was prohibited from marrying. See Tex. Penal Code Ann. § 22.011(f). Although the phrase "prohibited from marrying" is not defined in any section of the penal code, see Arteaga , 511 S.W.3d at 685-86, jurors may "freely read [undefined] statutory language to have any meaning which is acceptable in common parlance." See Tex. Gov't Code Ann. § 311.011 ; Kirsch v. State , 357 S.W.3d 645, 650 (Tex. Crim. App. 2012). "Prohibit" means "to forbid by authority or command: enjoin." Prohibit , Webster's Third New Int'l Dictionary (2002). "Marry" means "to take as husband or wife: wed." Marry , Webster's Third New Int'l Dictionary. We conclude that the phrase "prohibited from marrying" is composed of common words, such that a person of ordinary intelligence would be put on fair notice of what conduct violates the statute. The language "prohibited from marrying" is not vague as applied to Senn because, as a person of ordinary intelligence, he knew that he was forbidden or enjoined from marrying his biological daughter.[10]
*181 b. Section 22.011(f) Does Not Encourage Arbitrary or "Standardless" Enforcement
Senn also argues that he was subjected to "standardless" enforcement in this case because the jury instructions failed to provide any direction as to the type of marital prohibition that triggered the enhancement under section 22.011(f). Essentially, Senn argues that section 22.011(f) is vague because it does not list every type of marital prohibition that will trigger enhancement.
The vagueness doctrine, however, "is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." Colten v. Kentucky , 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972). Instead, a statute is not vague if it contains objective criteria for determining what conduct is prohibited. See Watson , 369 S.W.3d at 871.
Here, section 22.011(f) contains objective criteria-"prohibited from marrying" the victim-alerting an actor to the type of situation in which a sexual assault may be enhanced to a first-degree felony. See ids="7316009" index="66" url="https://cite.case.law/sw3d/369/865/#p870">id. The fact that Senn could have violated this prohibition in more than one way does not make the statute vague as applied to Senn. Cf. Earls v. State , 707 S.W.2d 82, 86-87 (Tex. Crim. App. 1986) (stating that the fact that a person's conduct violates two parts of a statute or even two different statutes does not make the statute vague as long as the proscribed conduct is described so as to give a person fair notice that it violates the statute); State v. Empey , 502 S.W.3d 186, 193-94 (Tex. App.-Fort Worth 2016, no pet.) (holding that section 31.03 did not violate due process and did not encourage arbitrary and discriminatory enforcement merely because prosecutor could choose between pursuing alternative but clearly-defined penalties that may apply to the same act of theft). Because section 22.011(f) is general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that the actor will be penalized more harshly if he is prohibited from marrying the victim-as Senn is here, it is not vague as applied to Senn and therefore does not permit arbitrary enforcement. See Colten , 407 U.S. at 110, 92 S.Ct. at 1957 ; Watson , 369 S.W.3d at 871.
3. Section 22.011(f) Is Not Unconstitutionally Vague As Applied to Senn
Because Senn has not satisfied his burden to show that section 22.011(f) is unconstitutionally vague specifically as applied to his conduct, we hold that section 22.011(f) is not unconstitutionally vague as applied to Senn and therefore does not violate due process. We overrule Senn's second issue.
C. Section 22.011(f), As Applied to Senn, Does Not Violate Equal Protection
1. Equal Protection Law
The Equal Protection Clause of the Fourteenth Amendment requires that all persons similarly situated shall be treated alike under the law. See U.S. Const. amend. XIV ; Engquist v. Oregon Dep't of Agric. , 553 U.S. 591, 602, 128 S.Ct. 2146, 2153, 170 L.Ed.2d 975 (2008) (explaining that when "those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference"); Rosseau , 396 S.W.3d at 557 ;
*182 Walker v. State , 222 S.W.3d 707, 710 (Tex. App.-Houston [14th Dist.] 2007, pet. ref'd). Generally, to prevail on an equal protection claim, the party complaining must establish two elements: (1) the party was treated differently than other similarly-situated parties, and (2) the differential treatment does not have a rational governmental basis. Estes , 487 S.W.3d at 747 ; see Rosseau , 396 S.W.3d at 557 n.7 (explaining that when no suspect classification or violation of a fundamental right is involved, a difference in treatment need be only rationally related to a valid public purpose to withstand equal protection scrutiny); Wood v. State , 18 S.W.3d 642, 650 (Tex. Crim. App. 2000).
Under the first element, it is axiomatic that the Equal Protection Clause does not require things different in fact to be treated in law as though they were the same. Downs v. State , 244 S.W.3d 511, 518 (Tex. App.-Fort Worth 2007, pet. ref'd). Differences based on various factual traits, circumstantial nuances, and peculiarities, which by virtue of their differences make them amenable to disparate treatment, are not a basis for an equal protection claim. Id.
Under the second element, a criminal defendant who attacks the rationality of a legislative classification has the burden to negate every conceivable basis that might support it. Walker , 222 S.W.3d at 711. The deferential rational-basis standard that typically applies to equal protection claims is "respectful of legislative determinations and essentially means a court will not invalidate a statute unless the statute draws distinctions that simply make no sense. Further, we will uphold a statute as long as it implements any rational purpose, even if the legislature never considered the purpose when enacting the statute." Id. (citation omitted).
2. Senn Failed to Show Disparate Treatment
Senn argues that he was subject to the statutory enhancement under section 22.011(f)"solely because [he] was married at the time he committed sexual assault." But here the application of section 22.011(f) is governed by the factual traits and circumstances of the victim , not the actor who participated in the prohibited conduct. See Tex. Penal Code Ann. § 22.011(f). That is, a sexual assault may be enhanced to a first-degree felony when the actor has sexually assaulted a specified category of victim. See itation index="83" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%2022.011">id.
Here, Senn was not treated any more harshly than an unmarried man who sexually assaults his biological child and has his offense enhanced to a first-degree felony under section 22.011(f). See Arteaga , 511 S.W.3d at 685-92 (upholding enhancement of sexual assault under section 22.011(f) because appellant, who was not married, sexually assaulted his biological daughter). Because the conduct of sexually assaulting one's own child may subject the actor to prosecution for a first-degree felony under section 22.011(f)'s enhancement provision whether the actor is married or single, there is no disparate-treatment equal protection concern as section 22.011(f) is applied to Senn. See, e.g. , Smith v. State , 898 S.W.2d 838, 848 (Tex. Crim. App.) (holding that no equal protection violation occurred because appellant failed to establish that classification discriminated against similarly-situated individuals), cert. denied , 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995) ; Ricketts v. State , No. 02-13-00204-CR, 2014 WL 4364052, at *5 (Tex. App.-Fort Worth Sept. 4, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that appellant's equal protection claim could not succeed absent evidence that, by virtue of his North Carolina convictions, he was similarly situated to someone who had *183 committed only a state jail felony in Texas).[11] Because Senn has failed to establish the disparate-treatment element of his equal protection claim, we need not conduct a rational-basis analysis. See Smith , 898 S.W.2d at 848 ; Ricketts , 2014 WL 4364052, at *5. Accordingly, we overrule Senn's third issue.
IV. NO JURY INSTRUCTION ON BIGAMY IS REQUIRED HERE
In his fourth issue, Senn argues that the trial court reversibly erred by failing to include in the jury charge any instructions on bigamy or a reference to section 25.01. Senn argues that even if we hold under his first issue that section 22.011(f) does not require proof of bigamous conduct, the jury instructions still contain reversible error because the jury instructions authorized the jury to find in the affirmative on the special issue if it found that Senn could not marry Brenda on any basis, not just his existing marital status. Specifically, Senn argues that the jury could have concluded that Senn could not marry Brenda because he was her father instead of because he was currently married to another and that this possibility negates the finding of bigamous conduct that Senn contends is required to trigger enhancement under section 22.011(f).
Senn's arguments under his fourth issue attempt to rephrase arguments that we have addressed above under his first and second issues. Because we have held that proof of bigamy was not required in this case and because we have held that the section 22.011(f) is not vague as applied to Senn, the trial court was not required to include an instruction on bigamy or section 25.01, nor was it required to instruct the jury that it could find in the affirmative on the special issue only if it found that Senn was currently married to another. See, e.g. , Feagins v. State , 142 S.W.3d 532, 541 (Tex. App.-Austin 2004, pet. ref'd) ("Because the State was not required to prove the elements of evading arrest [when appellant was charged with assault on a police officer], there was no need for a jury instruction regarding the reasonableness of [the officer's] detention of [appellant]."), cert. denied , 546 U.S. 965, 126 S.Ct. 489, 163 L.Ed.2d 372 (2005). Because the trial court was not required to include instructions on bigamy or section 25.01 or to limit the special issue to Senn's marital status, we hold that the trial court did not err. See Kirsch , 357 S.W.3d at 649 (stating that in reviewing a jury charge, if we find that error did not occur, our analysis ends). Accordingly, we overrule Senn's fourth issue.
V. CONCLUSION
Having overruled Senn's four issues, we affirm the trial court's judgment.

To protect the anonymity of the victim, we use a pseudonym. See McClendon v. State , 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

The jury also convicted Senn of the offense of prohibited sexual conduct. See Tex. Penal Code Ann. § 25.02(a)(1), (c) (West 2011). Senn's notice of appeal states that he is appealing "from the judgments heretofore rendered against him," but he does not raise any issue on appeal related to his prohibited-sexual-conduct conviction. We therefore affirm his unchallenged conviction for prohibited sexual conduct.

Because Senn does not challenge the sufficiency of the evidence to support the elements of sexual assault as a second-degree felony, we omit a detailed factual and procedural background and instead set forth the pertinent facts under each issue.

The trial court's charge set forth the offense of sexual assault in count one as follows:
Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 1st day of May 2011, in Tarrant County, Texas, the defendant, Michael Ray Senn, did intentionally or knowingly cause the penetration of the female sexual organ of [Brenda] by inserting defendant's penis in [Brenda's] female sexual organ without the consent of [Brenda], and [Brenda] is a person who[m] the defendant knows that as a result of mental disease or defect [ ] was at the time of the sexual assault incapable of appraising the nature of the act or of resisting it, then you will find [the] defendant guilty of sexual assault as charged in Count One of the indictment[.]

Moreover, the indictment here did not allege bigamous conduct.

Based on our grammatical analysis, it is precisely because the State did not proceed under the "prohibited from living under the appearance of being married under Section 25.01" portion of section 22.011(f) that no bigamy instruction was required here.

The State also put on evidence that Brenda was mentally impaired and could not live on her own to show that she could not have consented to the sexual act. The State did not, however, specifically argue that Brenda was a person whom Senn was prohibited from marrying due to her mental impairment. See Tex. Fam. Code Ann. § 6.108 (West 2006) (stating that court may grant an annulment of a marriage to a party to the marriage if the other party did not have the mental capacity to consent to marriage or to understand the nature of the marriage ceremony because of a mental disease or defect).

Senn also relies on due-course-of-law language within the Texas constitution but does not argue that the Texas constitution provides greater protection than the federal constitution. See Tex. Const. art. I, § 19. Thus, we will analyze his due process claim solely on federal grounds. See Estes v. State , 487 S.W.3d 737, 750 (Tex. App.-Fort Worth 2016, pets. granted) ; see also Muniz v. State , 851 S.W.2d 238, 251-52 (Tex. Crim. App. 1993) (holding that failure to provide a rationale for interpreting state constitution more broadly than federal constitution and failure to provide separate substantive analysis for state ground forfeits state ground), cert. denied , 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

Senn also relies on equal rights language within the Texas constitution but does not argue that the Texas constitution provides greater protection than the federal constitution. See Tex. Const. art. I, § 3 (a). Thus, we will analyze his equal protection claim solely on federal grounds. See Estes , 487 S.W.3d at 750 ; see also Muniz , 851 S.W.2d at 251-52.

Senn also argues that the statute is vague because "[i]t is unclear whether the statute provides for harsher penalty only where the defendant is married, [ ] only where the victim is married, or both." But in analyzing Senn's as-applied challenge, we focus our analysis on his conduct, not whether the statute is unconstitutionally vague under other scenarios. See Cain , 855 S.W.2d at 718 ; Bynum , 767 S.W.2d at 774.

In Estes , a panel of this court held that Estes-a married man who sexually assaulted a fifteen-year-old girl who was not his wife or his descendant-satisfied the first criteria of an as-applied equal protection challenge because he demonstrated that he received different treatment than similarly-situated offenders only because he was married. 487 S.W.3d at 744, 748. But putting the focus in Estes's as-applied challenge on the status of the victim, as contemplated by the "prohibited from marrying" language of section 22.011(f), the victim was a person whom Estes was prohibited from marrying because she was a minor. See Tex. Fam. Code Ann. § 6.205 (West 2006) (stating that marriage is void if either party is younger than sixteen years of age and has not obtained a court order for permission to marry under family code section 2.103 ). Had Estes been single, the victim still would have been a person whom he was prohibited from marrying. See itation index="111" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%206.205">id. Because using our statutory construction analysis and our as-applied equal protection analysis we would reach a different result than the panel did in Estes , we decline to follow the holding in Estes .