Sherry Radack, Chief Justice
A jury convicted appellant, Abel Diaz Rodriguez, of three charges of sexual assault of a child, a person he was "prohibited from marrying,"[1] and assessed punishment at confinement for life and a $10,000 fine on each charge, which the trial court ordered to run consecutively. In his sole issue on appeal, appellant contends that "[t]he evidence is insufficient to trigger the statutory enhancement provision under [ Penal Code section 22.011(f) ] because there was no evidence that Appellant was engaged in a bigamous relationship admitted at trial." We affirm.
BACKGROUND
There is no need to detail the facts of this case. Suffice it to say that, beginning when his daughter, E.R., was fourteen years old, appellant compelled her to "agree" to trade sexual favors in lieu of physical punishment whenever he perceived that she had "messed up." This "agreement" led to appellant performing *294 oral sex on E.R. about 10 times, E.R. performing oral sex on appellant about 15 to 20 times, and sexual intercourse between the two approximately 5 or 6 times. At the time of these offenses, appellant was married to Erika, E.R.'s mother.
At trial, the jury charge included the elements of the offense of sexual assault of a child, but also required, in both the abstract and application paragraphs, that the jury find that "the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code." The jury charge also included the following language from Section 25.01 of the Penal Code :
(a) An individual commits an offense if:
(1) he is legally married and he:
(A) purports to marry or does marry a person other than his spouse in this state, or any other state or foreign county, under circumstances that would, but for the actor's prior marriage, constitute a marriage; or
(B) lives with a person other than his spouse in this state under the appearance of being married; or
(2)he knows that a married person other than his spouse is married and he:
(A) purports to marry or does marry that person in this state, or any other state or foreign county, under circumstances that would, but for the person's prior marriage, constitute a marriage; or
(B) lives with that person in this state under the appearance of being married.
(b)For purposes of this section, "under the appearance of being married" means holding out that the parties are married with cohabitation and an intent to be married by either party.
See TEX. PENAL CODE ANN. § 25.01 [hereafter, "the bigamy statute"].
The jury found appellant guilty, necessarily concluding that appellant had not only committed the offense of sexual assault of a child, but that the victim, E.R., was "a person whom [he] was prohibited from marrying" under the bigamy statute.
This appeal followed.
SUFFICIENCY OF THE EVIDENCE
Appellant does not challenge the sufficiency of the evidence to prove the offense of sexual assault of a child. He contends only that the evidence is insufficient to elevate his punishment from a second-degree felony to a first-degree felony under Section 22.011(f) of the Penal Code, which provides:
An offense under [the sexual assault statute] is a felony of the second degree, except that an offense under this section is a felony of the first degree if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under [the bigamy statute].
TEX. PENAL CODE ANN. § 22.011(f).
Sexual assault of a child is ordinarily a second-degree felony; however, it is a first-degree felony "if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under [the bigamy statute]." See TEX. PENAL CODE ANN. § 22.011(f), Torres v. State , No. 01-14-00712-CR, 2017 WL 3124238, at *3 (Tex. App.-Austin July 21, 2017, no pet.).
*295 Appellant contends that the evidence is insufficient because the State had to present proof that appellant "actually engaged in [bigamy]," while the State argues that it only had to prove that appellant would have committed bigamy if he were to marry the victim.
Standard of Review
We review evidence sufficiency under the standard from Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Brooks v. State , 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson , 443 U.S. at 318-19, 99 S.Ct. 2781. "In some cases, however, a sufficiency-of-the-evidence issue turns on the meaning of the statute under which the defendant has been prosecuted." Liverman v. State , 470 S.W.3d 831, 835-36 (Tex. Crim. App. 2015) (citing Moore v. State , 371 S.W.3d 221, 227 (Tex. Crim. App. 2012) ). ("This is because an appellate court must determine what the evidence must show before that court can assess whether the evidence is sufficient to show it.") Moore , 371 S.W.3d at 227.
Here, we must decide whether the State was required to present some proof that appellant actually engaged in bigamy, or whether it was sufficient to show that he was married, so that he would have committed bigamy if he attempted to marry the victim.
Arteaga v. State and Estes v. State
Appellant bases his argument on the holding of the Texas Court of Criminal Appeals in Arteaga v. State , 521 S.W.3d 329 (Tex. Crim. App. 2017). In Arteaga , the defendant was charged with committing multiple counts of the offense of sexual assault of a child whom he was "prohibited from marrying," specifically his biological daughter. Id. at 331. In the abstract portion of the jury charge, the trial court included the language of Section 6.201 of the Family Code, the consanguinity statute, which specifies that a marriage is "void" if, among other circumstances, one party to the marriage is related to the other as a "descendant, by blood or adoption." Id. at 332. The abstract portion of the charge included no reference to the bigamy statute, nor did the application paragraph, which instructed the jury that it could convict the defendant "only under the circumstances alleged in the indictment (i.e., that the defendant was 'prohibited from marrying' his daughter)." Id. The question of whether Arteaga was prohibited from marrying his daughter was submitted to the jury as a special issue, which the jury answered in the affirmative for each count of the indictment. Id. Based on that finding, the jury convicted the defendant of multiple first-degree-felony offenses, and the trial court sentenced the defendant accordingly. Id. The defendant appealed, arguing that section 22.011(f) referenced only the bigamy statute, not the prohibition against consanguinity, and that the State could prove that he was "prohibited from marrying his daughter," only under the bigamy statute, not the consanguinity statute. Id. The Court of Criminal Appeals agreed with the defendant, holding that "the State is required to prove facts constituting bigamy under all three provisions of 22.011(f), that is, when the defendant was prohibited from (1) marrying the victim or (2) claiming to marry the victim, and when the defendant was prohibited from (3) living with the victim under the appearance of being married." Id. at 335. In a footnote immediately following the holding, the court clarified, stating,
*296 When we discuss "facts that would constitute bigamy," we do not mean that the State has to prove that the defendant committed the offenses of sexual assault and bigamy. What we mean is that, to elevate second-degree felony sexual assault to first-degree felony sexual assault under Section 22.011(f), the State must prove that the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he would be guilty of bigamy.
Id. at 335 n.9.
The court concluded that the bigamy statute was "law applicable to the case" and should have been included in the charge. Id. at 337. The court further concluded that the charge error caused egregious harm because the State improperly conveyed to the jury that it could use the consanguinity statute to determine whether the defendant was "prohibited from marrying" his daughter under section 22.011(f). In so holding, the court noted that the State could not prove that the defendant was prohibited from marrying his daughter under the bigamy statute because "Arteaga was not married during the period of abuse, and Doe could not have been married as a matter of law." Id. at 339.
In a concurring opinion, Judge Yeary stated, "I cannot agree that this provision ever requires the State to 'prove facts that would constitute bigamy.' " He then noted the apparent discrepancy between the court's holding and the clarification in footnote 9. Id. at 341. Judge Yeary concluded by stating:
I am convinced that Section 22.011(f) requires the State merely to prove that, if the actor were to actually marry or purport to marry his victim, or if he were to live with his victim under the appearance of being married, then he would commit the offense of bigamy under the provisions of Section 25.01. On its face, the provision plainly requires no more. Though to my mind some of the language in the text of the Court's opinion remains ambiguous, the Court's clarification in footnote 9 satisfies me that the Court's understanding is the same as my own.
Id. at 343.
In Estes v. State , 546 S.W.3d 691, 699 (Tex. Crim. App. 2018), the Court of Criminal Appeals reiterated its Arteaga holding, stating, "We have interpreted Section 22.011(f) as essentially requiring proof 'that if the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he would be guilty of bigamy.' " Id. (citing Arteaga , 521 S.W.3d at 335 n.9 ). In summarizing its holding, the court quoted from footnote 9 of Arteaga , not from the body of the case. See ids="12385220" index="26" url="https://cite.case.law/sw3d/521/329/">id. The court then rejected Estes's argument that section 22.011(f) was unconstitutional as applied to him because it punished married child sex offenders more harshly than non-married offenders. Id. at 694, 699-702. The court concluded that the legislature had a rational interest in the punishment scheme established in section 22.011(f), "specifically as applied to cases in which a married adult sexually abuses a child." Id. at 694. As Estes makes clear, it is the marital status of the abuser that triggers the application of section 22.011(f). "The particular facts and circumstances that inform-and limit-our ruling [that section 22.011(f) is not unconstitutional as applied] are that Estes is a married man convicted of sexually assaulting a child." Id. at 706.
Senn v. State and Torres v. State
Two intermediate appellate courts have since applied the holding in Arteaga in conducting legal sufficiency reviews.
*297 In Senn v. State , the Fort Worth Court of Appeals held, like the Corpus Christi Court of Appeals in Arteaga , that "it is clear that the phrase "prohibited from marrying" is not tied to the phrase "under [the bigamy statute]." 551 S.W.3d 172, 177 (Tex. App.-Fort Worth 2017, pet. granted). "Because we have held that proof of bigamy was not required in this case and because we have held that section 22.011(f) is not vague as applied to Senn, the trial court was not required to include an instruction on bigamy under section 25.01, nor was it required to instruct the jury that it could find in the affirmative on the special issue only if it found that Senn was currently married to another." Id. at 183. The court concluded that because the victim was the defendant's biological daughter, there was evidence to support the finding that he was prohibited from marrying her without regard to the bigamy statute. Id. at 178.
When the Court of Criminal Appeals issued its opinion in Arteaga , it vacated the judgment in the Senn case and remanded it to the Fort Worth Court of Appeals because that court "did not have the benefit of [its] opinion in Arteaga ." Senn v. State , No. PD-0145-17, 2017 WL 5622955 (Tex. Crim. App. Nov. 22, 2017) (not designated for publication).
On remand, the Fort Worth Court of Appeals considered the exact issue presented in this case: whether the State has to prove facts constituting bigamy or merely present facts showing that if the defendant were to marry or claim to marry his victim or to live with the victim under the appearance of being married, it would be bigamy. See Senn v. State , No. 02-15-00201-CR, --- S.W.3d ----, 2018 WL 5291889 (Tex. App.-Fort Worth Oct. 25, 2018, no pet. h.).
The court noted that the court of criminal appeals has previously held that footnotes and concurring opinions are not precedential, itation index="32" url="https://cite.case.law/citations/?q=2018%20WL%205291889">id. at ----, 2018 WL 5291889 at *5, and stated that "[a]fter arduous study, we are unable to reconcile footnote 9's articulation of the evidence the State is required to produce to trigger enhancement under section 22.011(f) -facts that would constitute bigamy-with the Arteaga opinion's articulation of the evidence the State is required to produce to trigger enhancement under section 22.011(f) -facts constituting bigamy." Id. at ----, 2018 WL 5291889 at *3. The court decided that footnote 9 of Arteaga did not set the standard required for enhancement under section 22.011(f), holding that "the State was required to prove facts constituting a sexual assault and facts constituting one of the six bigamy prohibitions listed in section 25.01. Id. at ----, 2018 WL 5291889 at *5. Even though the State had put on evidence that Senn was married and it would be bigamy for him to marry someone else, the court held that the evidence was nonetheless insufficient to enhance his punishment because "[t]here was no evidence that [he] took, attempted, or intended to take any action involving marrying or claiming to marry [his victim] or living with [her] under the appearance of being married." Id. at ----, 2018 WL 5291889 at *5.
Justice Gabriel dissented, noting the tension between the Arteaga holding and its clarification of that holding in footnote 9. Id. at ----, 2018 WL 5291889 at *7. He stated:
Because I believe the court of criminal appeals has twice stated that the State need only introduce evidence showing that the defendant would have been guilty of bigamy if he were to marry or claim to marry his victim, I would initially conclude that the State met its burden of proof regarding the enhancement allegation[.]
*298 Id. In so concluding, Justice Gabriel noted (1) Judge Yeary's concurrence in Arteaga and the fact that the majority had not responded to his stated understanding of the holding in that case, and (2) that, in Estes , which was decided a year after Arteaga , the court of criminal appeals restated its Arteaga holding by referring to footnote 9, not the text of the opinion. Id. at ----, 2018 WL 5291889 at *8. Justice Gabriel concluded that, because the State "proffer[ed] undisputed evidence that Senn was married to someone else at the time he sexually assaulted his daughter, I would preliminarily conclude that the sexual-assault enhancement was supported by the evidence[.]" Id.
Torres v. State , from the Austin Court of Appeals, has also addressed the issue of sufficiency of the evidence to support an enhancement under section 22.011(h). See No. 03-14-00712-CR, 2017 WL 3124238 (Tex. App.-Austin July 21, 2017, no pet.) (mem. op., not designated for publication). Torres was convicted of the sexual assault of his adult daughter. See id. at *1. Applying Arteaga to Torres's sufficiency-of-the-evidence challenge, the court concluded that "[i]n this case, as in Arteaga , there was no evidence presented tending to show that if Torres were to marry or claim to marry [his victim], or to live with [her] under the appearance of being married, that he would be guilty of the offense of bigamy." Id. at *5. In so holding, the court noted:
To the contrary, there is evidence in the record tending to show that Torres was single at the time of the offense. In a recorded interview of Torres by Detective Schroeder that was admitted into evidence, Schroeder asked Torres if he was married. Torres answered, "No, divorced," and he later explained to Schroeder that his marriage had ended years earlier. As for [his victim] although there is no direct evidence in the record reflecting her marital status, her testimony that she lived with her aunt at the time of the offense could be considered circumstantial evidence that she was single at that time. At any rate, it was the State's burden to prove facts that would constitute the offense of bigamy, and the State failed to do so.
Id. at *5 n.48.
Analysis
Our review of Arteaga and its progeny leads us to conclude that, to elevate appellant's punishment from a second-degree felony to a first-degree felony by applying 22.011(f), the State is not required introduce evidence to "prove the accused actually engaged in [bigamy]," as alleged by appellant. To the contrary, the State need only introduce evidence that "if [appellant] were to marry his victim ..., then he would be guilty of bigamy." See Arteaga , 521 S.W.3d at 335 n.9.
We do not agree that we can simply disregard footnote 9 of the Arteaga opinion. To read Arteaga as requiring the State to prove bigamy would effectively write footnote 9 out of the opinion. This we cannot do. As an intermediate appellate court, we are not free to disregard pronouncements from the higher courts. See In re K.M.S. , 91 S.W.3d 331, 331 (Tex. 2002) ("[C]ourts of appeals are not free to disregard pronouncements from this Court ...").
Our conclusion that the correct standard to follow is that set forth in footnote 9 is supported by the fact that, one year after Arteaga was decided, the court of criminal appeals actually cited footnote 9, stating, "We have interpreted Section 22.011(f) as essentially requiring proof 'that the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to live with the victim under the *299 appearance of being married, then he would be guilty of bigamy.' " Estes , 546 S.W.3d at 699. Because the court of criminal appeals has twice stated this as its holding, we are not free to simply disregard it. Instead, we will harmonize footnote 9 and the text of the opinion by considering footnote 9 as a clarification of the standard that must be met by the State to apply the enhancement. As such, we agree with Judge Yeary that section 22.011(f)"requires the State merely to prove that, if the actor were to actually marry or purport to marry his victim, or if he were to live with his victim under the appearance of being married, then he would commit the offense of bigamy." Arteaga , 521 S.W.3d at 343.
The State was unable to meet that burden in Arteaga and Torres because the evidence showed that the defendants and their victims were not married. See Arteaga , 521 S.W.3d at 339 ; Torres , 2017 WL 3124238 at *5 n.48. However, in this case, the State presented evidence that appellant was married at the time of the offenses. Specifically, the State introduced a Declaration of Informal Marriage, signed by appellant and his wife, Erika, which was dated April 3, 2014, and stated that appellant and Erika agreed to be married, lived together as husband and wife, and represented to others that they were married beginning in September 2009. And, E.R. testified that appellant and Erika were still married at the time of trial.
Thus, in this case, the State met its burden of showing that the victim was a person appellant was prohibited by the bigamy statute from marrying because, at the time of the offenses, appellant was already married to someone else.
Because the State was not required to show actual bigamy, but merely facts showing that the bigamy statute would prohibit appellant from marrying his victim, which the State proved by showing that that appellant was already married, the evidence is legally sufficient to sentence appellant as a first-degree felon under section 22.011(f) of the Texas Penal Code.
We overrule appellant's sole issue on appeal.
CONCLUSION
We affirm the trial court's judgments.

See Tex. Penal Code Ann. § 22.011(a)(2), (f).