

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1382-18

**RITO GREGORY LOPEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS MOORE COUNTY

## NO. PD-1265-18

**MICHAEL RAY SENN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS TARRANT COUNTY

ABEL DIAZ RODRIGUEZ, Appellant

v.

THE STATE OF TEXAS

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
GALVESTON COUNTY

KEEL, J., delivered the opinion of the Court in which KELLER, P.J., and RICHARDSON, WALKER, and SLAUGHTER, JJ., joined. KEASLER, J., filed a concurring opinion in which HERVEY, J., joined. YEARY and NEWELL, JJ., concurred.

## O P I N I O N

We granted these petitions to clarify whether the State must prove commission of bigamy in order to enhance punishment of sexual assault under Penal Code Section 22.011(f).[1]

Section 22.011(f) enhances sexual assault to a first-degree felony "if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01." TEX. PENAL CODE § 22.011(f) (West 2005) (amended 2019). Section 25.01 proscribes bigamy.

---

[1]Unless otherwise specified, references to "Section" are to the Texas Penal Code and references to Section 22.011(f) are to the version of the statute in effect at the time of the offenses. The relevant portion of Section 22.011 was recodified as Section 22.011(f)(1) in 2019.

The appellants in these cases were convicted of sexual assault and enhanced under Section 22.011(f). Each was married to someone other than his victim at the time of the sexual assault, but none committed bigamy with his victim. On appeal they challenged the sufficiency of the evidence to prove the enhancements because the State did not prove bigamy. We hold that the State does not have to prove commission of bigamy to trigger the enhancement under Section 22.011(f).

## I. Standard of Review

To determine whether evidence is sufficient to prove an enhancement we usually view the evidence in the light most favorable to the State. *Pruett v. State*, 510 S.W.3d 925, 927 (Tex. Crim. App. 2017). But when evidentiary sufficiency turns on the meaning of a statute, we must resort to statutory interpretation, which is a question of law that we review *de novo*. *Id.*; *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015).

Statutory construction depends on the plain meaning of the statute's language unless it is ambiguous or the plain meaning would lead to absurd results that the legislature could not have possibly intended. *Liverman*, 470 S.W.3d at 836. To determine plain meaning, we read the statute in context and give effect to each word, phrase, clause, and sentence if reasonably possible, and construe them according to any applicable technical definitions and otherwise according to the rules of grammar and common usage. *Lang v. State*, 561 S.W.3d 174, 180 (Tex. Crim. App. 2018); *Liverman*, 470 S.W.3d at 836. If the plain meaning is not ambiguous or does not lead to absurd

results, we do not consider extra-textual factors. *Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex. Crim. App. 1991).

## II. Construction of Penal Code Section 22.011(f)

### A. Literal Text of the Statute

At the time of the offenses in question, Penal Code Section 22.011(f) said:

> An offense under this section is a felony of the second degree, except that an offense under this section is a felony of the first degree if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01.

TEX. PENAL CODE § 22.011(f). Section 25.01 defines bigamy as follows:

> (a) An individual commits an offense if (1) he is legally married and he (A) purports to marry or does marry a person other than his spouse in this state, or any other state or foreign country, under circumstances that would, but for the actor's prior marriage, constitute a marriage; or (B) lives with a person other than his spouse in this state under the appearance of being married; or (2) he knows that a married person other than his spouse is married and he: (A) purports to marry or does marry that person in this state, or any other state or foreign country, under circumstances that would, but for the person's prior marriage, constitute a marriage; or (B) lives with that person in this state under the appearance of being married.

TEX. PENAL CODE § 25.01. The question is whether enhancement under Section 22.011(f) required the State to prove that the defendant actually committed bigamy or simply that the defendant would be guilty of bigamy if he were to marry or purport to marry the victim or to live with the victim under the appearance of being married.

### B. Is the Plain Language Clear and Unambiguous?

A statute is ambiguous if it is reasonably susceptible to more than one

interpretation. *Lang*, 561 S.W.3d at 180. Statutory language is unambiguous when it permits only one reasonable understanding. *Yazdchi v. State*, 428 S.W.3d 831, 838 (Tex. Crim. App. 2014).

The plain language of Section 22.011(f) says the enhancement applies when the victim is a person whom the defendant was "prohibited from marrying or purporting to marry" or with whom the defendant was "prohibited from living under the appearance of being married" under Section 25.01. Because the word "prohibited" does not have a technical meaning and is not defined in the statute itself, we may look to standard dictionaries to determine the common usage. *Baird v. State*, 398 S.W.3d 220, 228 (Tex. Crim. App. 2013).

The word "prohibit" is defined as "1: to forbid by authority or command : ENJOIN, INTERDICT . . . 2a: to prevent from doing or accomplishing something : effectively stop . . . b: to make impossible : DEBAR, HINDER, PRECLUDE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 1813 (2002). "Prohibited" is defined as "not permitted : forbidden by authority." MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/prohibited (last visited Feb. 14, 2020).

Applying these definitions to Section 22.011(f), a defendant is subject to enhancement if the victim was a person whom the defendant was "not permitted" to marry, purport to marry, or live with under the appearance of being married or whom the

defendant was "forbidden by authority," "prevented," "effectively stopped," or "precluded" from marrying or purporting to marry or from living with under the appearance of being married under Section 25.01. This language does not require a showing that the defendant actually married or purported to marry the victim or lived with the victim under the appearance of being married—on the contrary, the definitions of "prohibit" show that Section 25.01 would "forbid" a marriage or purported marriage between a defendant and a victim if the defendant was legally married to someone else at the time of the sexual assault.

Enhancement under Section 22.011(f) requires that, under Section 25.01, a marriage or purported marriage between the defendant and the victim or cohabitation by them under the appearance of marriage would be prevented, precluded, effectively stopped, hindered, enjoined, or forbidden. That would be the case if the defendant was married to someone else. In other words, Section 22.011(f) requires the State to prove that the defendant was legally married to someone other than the victim at the time of the sexual assault and would be guilty of bigamy if he were to marry or purport to marry the victim or live with the victim under the appearance of being married. It does not require proof that the defendant actually committed bigamy.

This conclusion is supported by *Arteaga v. State*, 521 S.W.3d 329 (Tex. Crim. App. 2017), *superseded by statute*, Melissa's Law, 2019, 86th Leg., R.S., ch. 738, § 2, sec. 22.011(f), 2019 TEX. SESS. LAW SERV. 2049, 2050 (to be codified at TEX. PENAL

CODE § 22.011(f)(2)).[2]  The issue in *Arteaga* was whether the "prohibited from marrying or purporting to marry" enhancement of Section 22.011(f) was limited to bigamy or also included the Family Code's ban on marrying a close relative.  *Arteaga*, 521 S.W.3d at 332–33; TEX. FAM. CODE § 6.201.  Section 22.011(f) was ambiguous on this point because "under Section 25.01" could have been read as modifying only the prohibition that immediately proceeded it—the prohibition against living under the appearance of being married—or it could have been read as also modifying the prohibitions against marrying or purporting to marry.  *Arteaga*, 521 S.W.3d at 335–36.

To resolve the ambiguity, we examined Section 22.011(f) in conjunction with the bigamy statute.  *Arteaga*, 521 S.W.3d at 336.  We noted that the bigamy statute prohibits a person from engaging in six types of conduct.  *Id.*; TEX. PENAL CODE §25.01.  We reasoned that Section 22.011(f)'s use of the phrase "prohibited from" incorporated all six bigamy prohibitions.  *Arteaga*, 521 S.W.3d at 336.  Reading Section 22.011(f) together with Section 25.01, we concluded that the Legislature intended the State to prove facts constituting bigamy when enhancing punishment under Section 22.011(f).  *Arteaga*, 521 S.W.3d at 336.  We added a footnote to say that the State had to "prove that the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to

---

[2] The enhancement under Section 22.011 was amended in 2019 to also increase the punishment range when sexual conduct between the defendant and the victim is prohibited by consanguinity under Section 25.02.  Our interpretation of Section 22.011(f) at the time of the offenses in the cases before us is not influenced by this amendment because "in interpreting a prior law, we generally accord little weight to subsequent legislative enactments." *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007).

live with the victim under the appearance of being married, then he *would* be guilty of bigamy." *Arteaga*, 521 S.W.3d at 335 n.9.

### C. Would Application of the Plain Language Lead to Absurd Results?

In *Estes v. State*, we held that there was a rational basis for treating child sexual assault cases differently based on the marital status of the defendant. 546 S.W.3d 691, 701 (Tex. Crim. App. 2018). We described the "marital perception of trustworthiness" and concluded that it was rational for the Legislature to punish more severely one who violates that trust in grooming and sexually abusing a child. *Id.* Our analysis in *Estes* stemmed from a necessarily fact-based as-applied challenge to Section 22.011(f)'s use in a child sexual assault case, but much of the reasoning would apply equally to an adult victim of sexual assault. As *Estes* points out, there is a strong societal connection between the union of marriage and the ideas of family, home, safety, stability, and security. *Id.* A married defendant may abuse these deeply-rooted beliefs even if his victim is an adult. "And the literal text of Section 22.011(f) is not explicitly directed towards sexual assaults involving children. Under the literal text, anyone who engages in sexually assaultive, would-be-bigamous conduct may trigger the enhancement, whether his acts are inflicted upon a child or not." *Id.* at 699. We conclude that imposing a higher degree of punishment to deter sexual assault by a married defendant does not lead to absurd results that the Legislature could not have intended.

### D. Do We Need to Consider Extra-Textual Sources?

Because, other than the ambiguity resolved in *Arteaga*, the plain language of Section 22.011(f) is clear and unambiguous and giving effect to the plain meaning of the statute does not lead to absurd consequences, we need not turn to extra-textual sources. Extending our consideration beyond the plain language of the statute would encroach on the lawmaking powers of the legislature. *Boykin*, 818 S.W.2d at 785–86.

### E. Holding

We hold that the State does not have to prove commission of bigamy to trigger the enhancement under Section 22.011(f). The requirement for enhancement under Section 22.011(f) is satisfied if the State proves that the defendant was legally married to someone other than the victim at the time of the sexual assault.

## III. Conflict Among the Lower Courts

Lower courts have issued conflicting decisions on the application of Section 22.011(f) because *Arteaga* used the phrases "facts constituting bigamy" and "facts that would constitute bigamy" interchangeably. *See, e.g.*, *Arteaga*, 521 S.W.3d at 344 (Yeary, J., concurring) ("some of the language in the text of the Court's opinion remains ambiguous"); *Lopez v. State*, 567 S.W.3d 408, 410–13 (Tex. App.—Amarillo 2018) (attempting to reconcile language in the body of the *Arteaga* opinion with language in the explanatory footnote); *Senn v. State* (*Senn IV*), No. 02-15-00201-CR, 2018 Tex. App. LEXIS 8722, at *9-11 (Tex. App.— Fort Worth October 25, 2018) (op. on remand & on reh'g) (same). Consequently, two courts held that the State was required to prove the

defendant committed bigamy, and one court held the State was required to prove that the defendant was legally married to someone else at the time of the sexual assault. *Compare Senn IV*, 2018 Tex. App. LEXIS 8722, at *14 (requiring the State to prove "facts constituting one of the six bigamy prohibitions listed in Section 25.01"), *and Lopez*, 567 S.W.3d at 413 (same), *with Rodriguez v. State*, 571 S.W.3d 292, 298–99 (Tex. App.—Houston [1st Dist.] 2018) (State not required to show actual bigamy; evidence that defendant was married to another was sufficient). We turn now to these cases.

## IV. Application of Our Holding to the Cases Before Us

### A. *Lopez v. State*

#### 1. Background

Lopez was married to the victim's mother at the time of the offenses; the victim was his 14-year-old stepdaughter. Lopez filed a motion to quash the enhancement paragraphs that alleged that the victim was "a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married under Section 25.01, Penal Code." The trial judge denied the motion. After a bench trial, Lopez was convicted of eleven counts of first-degree felony sexual assault and sentenced to 25 years in prison for each count.

#### 2. Court of Appeals

On appeal Lopez challenged the sufficiency of the evidence to show enhancement. The court of appeals said that merely proving that the accused was married when the

assault occurred was not enough; the State was required to prove facts constituting one of the six bigamy prohibitions. *Lopez*, 567 S.W.3d at 413. The court of appeals said there was no evidence that Lopez married or purported to marry the victim or lived with the victim under the appearance of being married, so the offenses should not have been enhanced to first-degree felonies. *Id.* The case was remanded for a new punishment hearing. *Id.* at 416.

### 3. Application of Section 22.011(f)

The court of appeals erred in holding that Section 22.011(f) requires the State to prove the commission of bigamy. For the reasons given above, the evidence that Lopez was legally married to the victim's mother at the time of the sexual assault was sufficient for enhancement.

### 4. Conclusion

We reverse the judgment of the court of appeals in *Lopez v. State*, 567 S.W.3d at 416.

### B. *Senn v. State*

### 1. Background

The State presented evidence that Senn was married to the victim's stepmother at the time of the offense; the victim was his daughter. The jury charge included a special issue asking whether the victim "was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living

under the appearance of being married" but did not reference Section 25.01 or include a definition of bigamy. The jury found Senn guilty of sexual assault enhanced to a first-degree felony under the special issue and imposed a life sentence.

## 2. Court of Appeals

Senn raised four issues on appeal: (1) the evidence was insufficient for enhancement, (2) the statute was vague, (3) the statute violated equal protection, and (4) the trial court's charge erred in failing to include a bigamy instruction. *Senn IV*, 2018 Tex. App. LEXIS 8722 at *3. Considering Senn's first issue, the court of appeals interpreted *Arteaga* as requiring the State to prove "facts constituting one of the six bigamy prohibitions listed in section 25.01." *Senn IV*, 2018 Tex. App. LEXIS 8722 at *14. The court of appeals declined to apply the "facts that would constitute bigamy" language from footnote 9 of *Arteaga*. *Senn IV*, 2018 Tex. App. LEXIS 8722 at *9–12.

> After arduous study, we are unable to reconcile footnote 9's articulation of the evidence the State is required to produce to trigger enhancement under section 22.011(f)—facts that would constitute bigamy—with the *Arteaga* opinion's articulation of the evidence the State is required to produce to trigger enhancement under section 22.011(f)—facts constituting bigamy.

*Senn IV*, 2018 Tex. App. LEXIS 8722 at *9. The court of appeals said that evidence of the sexual assault and of Senn's marriage to the victim's step-mother did not amount to facts constituting one of the six bigamy prohibitions under Section 25.01. *Senn IV*, 2018 Tex. App. LEXIS 8722 at *14–15. The court said that "no facts exist that Senn committed a bigamy offense" with the victim, and the evidence was "insufficient to

'prove facts constituting bigamy' as required by *Arteaga*'s holding." *Senn IV*, 2018 Tex. App. LEXIS 8722 at *15–16.

The dissent said that this Court "has twice stated that the State need only introduce evidence showing that the defendant would have been guilty of bigamy if he were to marry or claim to marry his victim." *Id.* at *18 (Gabriel, J., dissenting).

The court of appeals modified the trial court's judgment on sexual assault to a second-degree felony and remanded the case for a new punishment hearing. The court of appeals did not consider Senn's other three claims. *Id.* at *17–18.

### 3. Application of Section 22.011(f)

The court of appeals misconstrued *Arteaga* and erred in holding that Section 22.011(f) requires the State to prove the commission of an actual bigamy offense. The evidence that Senn was married to another when he sexually assaulted the victim was sufficient to enhance punishment under Section 22.011(f).

### 4. Conclusion

We reverse the judgment of the court of appeals in *Senn v. State*, 2018 LEXIS 8722 at *17–18 and remand the case for consideration of Senn's sufficiency claim in light of our holding here and for consideration of his remaining claims.

### C. *Rodriguez v. State*

### 1. Background

The State proved that Rodriguez was married to the victim's mother at the time of

the offenses. The victim was his 14-year-old daughter. The jury charge included the definition of bigamy and required the jury to find that "the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code." The jury found Rodriguez guilty of three counts of first-degree felony sexual assault and assessed a life sentence for each charge.

## 2. Court of Appeals

Rodriguez challenged the sufficiency of the evidence to elevate the offenses to first-degree felonies because the State failed to prove that he actually engaged in a bigamous relationship with his daughter. *Rodriguez*, 571 S.W.3d at 294–95. The court of appeals said the State merely had to prove that, if the defendant were to marry or purport to marry his victim or live with his victim under the appearance of being married, then he would commit bigamy. *Id.* at 298. The State met this burden by proving that Appellant was married to someone other than the victim at the time of the offenses. *Id.* at 299.

## 3. Application of Section 22.011(f)

Under the plain language of Section 22.011(f), the State was required to prove that Rodriguez was legally married to someone other than the victim at the time of the offenses; it was not required to show that Rodriguez married, attempted to marry, or lived with the victim under circumstances that would suggest they were married. The court of appeals applied Section 22.011(f) correctly in holding that the State's evidence showing

Rodriguez was married to the victim's mother at the time of the offenses was sufficient for enhancement.

### 4. Conclusion

We affirm the judgments of the court of appeals in *Rodriguez v. State*, 571 S.W.3d at 299.


Delivered: April 29, 2020

Publish