

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00209-CR

**EX PARTE** Quincy **HARRISON**

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CR-4194
Honorable Joey Contreras, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: December 5, 2018

DISMISSED FOR WANT OF JURISDICTION

This appeal stems from Appellant Quincy Harrison's pretrial application for writ of habeas corpus asserting the statutes upon which his indictments were based were facially unconstitutional. The State counters the claims are not cognizable by pretrial habeas. Because we conclude Harrison's claims are not cognizable in a pretrial writ of habeas corpus, we dismiss this appeal for want of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2017, Appellant Quincy Harrison was indicted by a Bexar County Grand Jury on one count of continuous trafficking of persons pursuant to Texas Penal Code section 20A.03 and three counts of compelling prostitution pursuant to Texas Penal Code section 43.05(a)(2). *See* TEX. PENAL CODE §§ 20A.03; 43.05(a)(2).

On February 23, 2018, Harrison filed a pretrial application for writ of habeas corpus asserting both statutes under which he was charged, the pre-September 2017 versions, were facially unconstitutional. More specifically, Harrison contended section 43.05(a)(2): (1) negated the mens rea requirement; (2) violated his right to due process, due course of law, and right to present a defense; and (3) does not afford an opportunity to ascertain the true age of the child. Additionally, Harrison argued both sections 43.05(a)(2) and 20A.02(a)(7) were unconstitutionally vague and overbroad, thus violative of his due process rights.

On March 14, 2018, without a hearing, the trial court considered Harrison's application, and relying on *Fleming v. State*, 455 S.W.3d 577, 581–82 (Tex. Crim. App. 2014), concluded the statutes' failure to require a mens rea as to the victim's age did not violate either federal or state constitution protections. The trial court, therefore, denied the relief requested by Harrison.

On appeal, Harrison contends (1) Texas Penal Code section 43.05(a)(2) is unconstitutional because the statute does not require proof the defendant knew the age of the child at the time of the commission of the offense; and (2) Texas Penal Codes 43.05(a)(2) and 20A.03–20.A02(a)(7) are unconstitutionally vague by their use of the language defining the offense as causing—"by any means"—a child to be sexually trafficked or commit prostitution is vague. The State counters no mens rea is constitutionally required; but more importantly, these claims are not cognizable in a pretrial writ of habeas corpus.

We turn first to whether these claims are cognizable in a pretrial writ of habeas corpus.

### COGNIZABLE CLAIMS

A.    **Anti-Defensive Issues**

Generally, "a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release." *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006).

Pretrial habeas proceedings, followed by an interlocutory appeal, provide an extraordinary remedy, and courts must ensure that a pretrial writ is not misused to procure a premature and inappropriate pretrial appellate review of matters. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). "A defendant may use a pretrial writ of habeas corpus only in very limited circumstances." *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd) (citing *Smith*, 178 S.W.3d at 801). "Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *see also Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). "The accused may challenge the (1) State's power to restrain him at all, i.e., the existence of probable cause, (2) the manner of his restraint, i.e., the denial of bail or conditions attached to bail, and (3) certain issues that would bar prosecution or conviction." *Paxton*, 493 S.W.3d at 297.

**B.     Harrison's Complaint**

*1.     Lack of Mens Rea*

Harrison's first challenge is the statute's failure to expressly require a mens rea—it does not require proof the defendant knew the age of the child at the time of the commission of the offense. However, constitutional challenges on free-standing anti-defensive issues are not cognizable on pretrial habeas. *Ex parte Ingram*, 533 S.W.3d 887, 894 (Tex. Crim. App. 2017). Harrison's complaint regarding the mens rea is not a right to avoid trial and would require the development of a record at a pretrial habeas proceeding. *Id*. at 893. Thus, "it follows that the proper remedy would be to litigate the constitutionality of a freestanding anti-defensive issue at trial if the issue is raised by the evidence at trial." *Id*.

This case is further analogous to *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)).

> Weise [was] not claiming that the statute itself is unconstitutional. He [was] not claiming that the trial court lacked the power to proceed. Rather, he [was] claiming that the statute as applied via the information [was] unconstitutional because it fail[ed] to allege a mens rea. This [was], in reality simply an attack on the charging instrument.

*Id*.

Here, like in *Ingram*, 533 S.W.3d 893–94, and *Weise*, 55 S.W.3d at 620, Harrison's claim is truly that the statute, via the indictment, is unconstitutional because it fails to allege a mens rea and is, thus, not cognizable on pretrial habeas. *See also Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (concluding that applicant's assertion that statute is facially unconstitutional "is not, by itself, enough. If a claim designated as a facial challenge is in fact an as-applied challenge, courts should refuse to consider the merits of the claim."); *Smith*, 185 S.W.3d at 892–93 (concluding that in *pari materia* claim was not yet ripe for review and thus not cognizable on pretrial habeas); *Smith*, 178 S.W.3d at 803 (referring to "specificity defects" in charging instruments as "reparable" matters that "do not destroy a trial court's power or jurisdiction to proceed").

Additionally, even if Harrison prevailed on his complaint, it would not terminate the State's prosecution and would not result in immediate release. Harrison's claim requires development of a factual record in the trial court and such record is a precursor to the court's determination of the issues. *See Ingram*, 533 S.W.3d at 894. Thus, Harrison's claim "revolve[s] around" an anti-defensive issue and is not cognizable on pretrial habeas. *Id*.

### 2. Failure to Define Terms

Harrison's second challenge is that the statutes are unconstitutionally vague by their use of "by any means" to cause the child to be sexually trafficked or commit prostitution. "Generally,

pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged." *Ellis*, 309 S.W.3d at 79. "But unless First Amendment freedoms are implicated, a facial vagueness challenge can succeed only if it is shown that the law is unconstitutionally vague in all of its applications." *Id*. at 80 (internal citations omitted). Harrison does not contend the statute implicates First Amendment freedoms; he must, therefore, show that the definition of "by any means" is unconstitutionally vague in all of its applications. *See Shaffer v. State*, 184 S.W.3d 353, 364 (Tex. App.—Fort Worth 2006, pet. ref'd) (explaining when First Amendment is not involved, facial challenge is difficult to sustain because requires IT establishing no set of circumstances exists under which statute is valid).

When First Amendment freedoms are not implicated, a facial vagueness challenge can succeed only if it is shown that the law is unconstitutionally vague in all of its applications. *Ellis*, 309 S.W.3d at 80. A statute is vague if persons of common intelligence are incapable of deciphering what conduct is prohibited. *See Watson v. State*, 369 S.W.3d 865, 870 (Tex. Crim. App. 2012). Harrison argues the language (1) creates "countless possibilities" and a "wide-open range of possibilities" for what someone can be charged; and (2) offers little guidance to law enforcement. Accordingly, because Harrison has not shown the complained of language, "by any means," is vague in all applications, he is not entitled to pretrial habeas relief. *See Ellis*, 309 S.W.3d at 80; *see also Ex parte Dillard*, No. 05-15-00488-CR, 2015 WL 4099837, at *1–2 (Tex. App.—Dallas July 7, 2015, no pet.) (mem. op., not designated for publication) (concluding challenge to criminal solicitation of a minor "by any means" was facially unconstitutional was not cognizable by pretrial writ of habeas corpus).

**CONCLUSION**

Because Harrison's challenge to the constitutionality of the statutes are not cognizable from the denial of pretrial writ of habeas corpus, we lack jurisdiction over this appeal. We, therefore, dismiss the appeal for want of jurisdiction.

Patricia O. Alvarez, Justice

DO NOT PUBLISH