

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-15-00201-CR

_____

MICHAEL RAY SENN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1308222R

---

Before Gabriel, Kerr, and Bassel, JJ.[1]
Memorandum Opinion on Remand by Justice Bassel

---

[1] The panel on the initial opinion that was handed down in January 2017 consisted of Justices Walker, Meier, and Gabriel. Justices Walker and Meier have since retired; thus, two new panel members have been substituted in their places.

## MEMORANDUM OPINION ON REMAND

## I. Introduction and Appellate Procedural History

This is the fourth time that we have dealt with this case.[2] As set forth in our January 2017 initial opinion, Appellant Michael Ray Senn sexually assaulted and impregnated his adult biological daughter Brenda[3] while he was married to her stepmother. A jury convicted Senn of prohibited sexual conduct, for which he was sentenced to twenty years' imprisonment,[4] and of sexual assault, for which he was sentenced to life imprisonment after the jury affirmatively answered a special issue statutorily enhancing his sexual-assault conviction from a second-degree felony to a first-degree felony under Penal Code Section 22.011(f). *See* Tex. Penal Code Ann. §§ 22.011(f), 25.02(a)(1), (c). In the initial appeal, after addressing Senn's four issues—challenging the sufficiency of the evidence to trigger the enhancement, the constitutionality of Section 22.011(f) as applied to him, and the absence of a bigamy instruction from the jury charge—we affirmed both of his convictions. *See Senn v.*

---

[2]We did not request, nor did the parties file, new briefing when this case was submitted after the recent remand.

[3]To protect the anonymity of the victim, we use a pseudonym. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[4]Senn's notice of appeal states that he is appealing "from the judgments heretofore rendered against him," but he does not raise any issue on appeal related to his prohibited-sexual-conduct conviction.

*State* (*Senn I*), 551 S.W.3d 172, 183 (Tex. App.—Fort Worth 2017),[5] *vacated*, *State v. Senn* (*Senn II*), No. PD-0145-17, 2017 WL 5622955, at *1 (Tex. Crim. App. Nov. 22, 2017) (not designated for publication). The Texas Court of Criminal Appeals vacated that judgment and remanded the case to this court to reevaluate Senn's issues in light of its intervening decision in *Arteaga*, in which the court held that under Section 22.011(f), the Texas Legislature "intended for the State to prove facts constituting bigamy." *See Senn II*, 2017 WL 5622955, at *1 (quoting *Arteaga*, 521 S.W.3d at 336).

We rendered a decision on remand, *see Senn v. State* (*Senn III*), No. 02-15-00201-CR, 2018 WL 2248673 (Tex. App.—Fort Worth May 17, 2018) (op. on remand), but we withdrew that opinion on rehearing and issued a substitute, *Senn v. State* (*Senn IV*), No. 02-15-00201-CR, 2018 WL 5291889, at *1 (Tex. App.—Fort Worth Oct. 25, 2018) (op. on remand and on reh'g), *rev'd*, *Lopez v. State*, 600 S.W.3d 43, 50 (Tex. Crim. App. 2020). On remand and on rehearing, in considering Senn's first issue—which challenges the sufficiency of the evidence to trigger the statutory enhancement under Section 22.011(f)—a majority of the panel interpreted *Arteaga* as requiring the State to

---

[5]In *Senn I*, we held that "[t]he State was therefore not required to show that Senn was engaged in a bigamous relationship with Brenda under [S]ection 25.01 in order to trigger application of penal code [S]ection 22.011(f)'s enhancement provision." *Id.* at 177. We reached this holding after conducting a statutory-construction analysis and concluding that the phrase in Section 22.011(f)— "prohibited from marrying"—is not tied to Section 22.011(f)'s phrase—"under [S]ection 25.01." Thereafter, the Texas Court of Criminal Appeals rejected this statutory-construction analysis in *Arteaga v. State*, 521 S.W.3d 329, 335–37 (Tex. Crim. App. 2017).

prove "facts constituting one of the six bigamy prohibitions listed in [S]ection 25.01."[6]
*Id.* at *5. After stating that "no facts exist that Senn committed a bigamy offense" with Brenda, the majority held that the evidence was "insufficient to 'prove facts constituting bigamy' as required by *Arteaga*'s holding." *Id.* at *6. We modified the trial court's judgment on the sexual-assault conviction to a second-degree felony and remanded the case for a new punishment hearing. *Id.* at *6–7. The State filed a petition for discretionary review, which the Court of Criminal Appeals granted, along with a petition from a case decided by the Amarillo Court of Appeals and a petition from a case decided by the Houston First Court of Appeals. *See Lopez*, 600 S.W.3d at 44.

The Court of Criminal Appeals consolidated the three petitions to address a split among the three courts of appeals and held that "the State does not have to prove commission of bigamy to trigger the enhancement under Section 22.011(f). The requirement . . . is satisfied if the State proves that the defendant was legally married to someone other than the victim at the time of the sexual assault." *Id.* at 47–48. The Court of Criminal Appeals specifically held that "[t]he evidence that Senn was married to another when he sexually assaulted the victim was sufficient to enhance punishment under Section 22.011(f)." *Id.* at 49–50. The court therefore

---

[6]Justice Gabriel authored the dissenting opinion on remand and on rehearing and stated, "I would hold that the State was required to proffer sufficient evidence that *if* Senn had married or held himself out to be married to his daughter, he *would have* committed bigamy." *Senn IV*, 2018 WL 5291889, at *8 (Gabriel, J., dissenting).

4

reversed our decision in *Senn IV* and remanded the case to us to consider Senn's sufficiency claim in light of its holding and to consider his remaining claims. *Id.* at 50.

After applying the holding from *Lopez* to Senn's first issue and noting that Senn does not challenge the sufficiency of the evidence to support the underlying sexual assault, we hold that the evidence is sufficient to trigger the enhancement under Section 22.011(f). After applying the charge holding in *Arteaga* to the jury charge here, we hold that the trial court erred by not including the "law applicable to the case" but that the error was not harmful. We also review his two constitutional challenges but find them lacking. Accordingly, we affirm the trial court's judgments.

## II. The Evidence is Sufficient to Trigger the Enhancement

In his first issue, Senn argues that the evidence is insufficient to trigger the statutory enhancement under Section 22.011(f). Specifically, Senn argues that there is "no evidence whatsoever" that he was engaged in a bigamous relationship with Brenda and that the special issue should not have been submitted to the jury.

As set forth above, the Texas Court of Criminal Appeals already decided in *Lopez* that "[t]he evidence that Senn was married to another when he sexually assaulted the victim was sufficient to enhance punishment under Section 22.011(f)." *Id.* at 49–50. Yet this case was remanded to us "for consideration of Senn's sufficiency claim in light of [that] holding." *Id.* at 50. Senn's sufficiency claim, however, is limited solely to the alleged lack of bigamy evidence; nowhere in his brief

5

does he challenge the sufficiency of the evidence to support the sexual assault.[7] Because the State put on evidence at trial, including Senn's marriage license, showing that he was married to someone else when he sexually assaulted Brenda, we hold that the evidence is sufficient to trigger the statutory enhancement under Section 22.011(f). Accordingly, we overrule Senn's first issue.

### III.  The Charge Error did not Cause Actual Harm

In his fourth issue, Senn argues that the trial court reversibly erred by failing to include any instructions on bigamy in the jury charge.  Specifically, Senn complains that the charge lacks any reference to Section 25.01 "even though the bigamy statute is expressly referenced in [Section] 22.011(f)."

### A.  The Charge

The jury charge includes the following special issue immediately after the sexual-assault charge:

> If you find the defendant guilty of sexual assault, you shall answer the special issue.  Otherwise, do not answer the special issue.
>
> For the special issue, the State must prove beyond a reasonable doubt that at the time the offense of sexual assault, as set out above, was committed, [Brenda] was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married.

---

[7]Moreover, the evidence demonstrates that Senn referred to the baby that Brenda birthed as his baby and made the following statement when he was confronted about sexually assaulting Brenda:  "If you want it [sex] and the girl doesn't say, 'No,' so you do it anyway, that's not rape is it?"  *See* Tex. Penal Code Ann. § 22.011(a)(1), (b)(4).

Now bearing in mind the foregoing instruction on the Special Issue, if you believe from the evidence beyond a reasonable doubt that, at the time of the offense of sexual assault, [Brenda] was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married, then you will answer "WE DO" to the Special Issue on the verdict form.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will answer "WE DO NOT" to the Special Issue.

During the charge conference, Senn objected to the charge's omission of "Section 25.01" and asked the trial court to "include the definition in 25.01 in the definition section of the jury charge."

## B. Applicable Law

The Texas Court of Criminal Appeals set forth in *Arteaga* how the special issue under Section 22.011(f) should be submitted in the jury charge:

Here, the special issue submitted as part of the sexual-assault charge asked the jury whether it found beyond a reasonable doubt that Arteaga "was prohibited from marrying [Doe]." As we have explained, however, the bigamy statute defines when a person is prohibited from marrying another for purposes of 22.011(f), not the Family Code.[8] Thus, the bigamy statute is "law applicable to the case" and should have been included in the charge because the jury had to understand what

---

[8]The abstract portion of the charge in *Arteaga* included Texas Family Code Section 6.201, which defines when a marriage is void based on consanguinity. 521 S.W.3d at 332–34; *see also* Tex. Fam. Code Ann. § 6.201. That Section—like Penal Code Section 25.01, which does not include marrying a person in consanguinity as prohibited bigamous conduct—does not define a criminal offense. The application portion, however, did not mention the consanguinity statute, and "the jury was instructed that it could convict Arteaga only under the circumstances alleged in the indictment (i.e., that Arteaga was 'prohibited from marrying' his daughter)." *Id.* at 332.

> "prohibited from marrying" meant before it could determine whether Arteaga was guilty of the allegations. Tex. Code Crim. Proc. [Ann.] art. 36.14 (the trial court must set forth the law applicable to the case in the jury charge); *Plata* [*v. State*], 926 S.W.2d [300,] 302 [(Tex. Crim. App. 1996)]. In contrast, the law of consanguinity in the Family Code was not law applicable to the case and should not have been included in the charge. *Plata*, 926 S.W.3d at 302–03.

521 S.W.3d at 338. The court concluded that the sexual-assault jury charge was erroneous because it did not properly instruct the jury regarding the "law applicable to the case." *Id.*

## C. Charge-Error Analysis

Unlike the charge in *Arteaga*, Senn's charge did not include the consanguinity statute in the abstract portion of the charge. So the issue here is not whether the charge erroneously included a reference to a statute that was not "law applicable to the case" but whether the charge provided the jury with any guidance on how to decide if Senn was "prohibited from marrying" Brenda. *See id.* at 339 (citing Tex. Code Crim. Proc. Ann. art. 36.14, which states that "the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case"). Because the charge here did not include a single reference to Section 25.01, the bigamy statute, we conclude that the sexual-assault jury charge in this case was erroneous because it did not properly instruct the jury regarding the "law applicable to the case." *See id.*

8

**D. Harm Analysis**

Having found error, we now assess harm. When charge error is preserved at trial, the reviewing court must reverse if the error caused some harm. *Rogers v. State*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). "Some harm" means actual harm and not merely a theoretical complaint. *Rogers*, 550 S.W.3d at 191. There is no burden of proof associated with the harm evaluation. *Id.* This evaluation entails a review of the whole record, including the jury charge, contested issues, weight of the probative evidence, arguments of counsel, and other relevant information. *Id.* at 192.

Here, unlike in *Arteaga* where the appellant was not married when he committed the sexual assault, the record demonstrates that Senn was married to someone other than Brenda at the time that he committed the sexual assault. *See* 521 S.W.3d at 339 ("Arteaga was not married during the period of abuse . . . ."). Although the jury charge did not define "prohibited from marrying," the jury had before it the uncontested evidence of Senn's marriage license.

Whether Brenda had a mental disease or defect was a hotly contested issue, but the State did not specifically argue that Brenda was a person whom Senn was prohibited from marrying due to her mental capacity. *See generally* Tex. Fam. Code Ann. § 6.108 (stating that court may grant an annulment of a marriage to a party to the marriage if the other party did not have the mental capacity to consent to marriage or to understand the nature of the marriage ceremony because of a mental disease or

9

defect). Instead, in its opening statement the State mentioned Brenda's inability to do certain tasks on her own due to her diagnosis of "mild mental retardation" and then tied its closing argument about Brenda's mental capacity to the language in the sexual-assault charge by stating that Brenda is "a person with a mental disease or defect" and that Senn had known that her whole life "because he's her dad."[9] The State then moved on to the special issue, stating that

> [a]s to the Special Issue, we request that you answer, "We do," that [Senn] was a person who was prohibited from marrying [Brenda]. Why was he prohibited from marrying her? Look at State's Exhibit 2 [Senn's marriage license]. He was married to somebody else. You heard testimony [about] that, and here's the marriage license.

The defense in its closing argument attempted to rebut the evidence that Brenda had a mental disease or defect. And with regard to the special issue, defense counsel pointed out in its opening statement that the State must prove a "prohibited marital relationship" and argued in closing,

---

[9]The jury charge on the sexual-assault count stated,

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 1st day of May 2011, in Tarrant County, Texas, the defendant, Michael Ray Senn, did intentionally or knowingly cause the penetration of the female sexual organ of [Brenda] by inserting defendant's penis in [Brenda's] female sexual organ without the consent of [Brenda], and [Brenda] *is a person who[m] the defendant knows that as a result of mental disease or defect* [Brenda] was at the time of the sexual assault incapable of appraising the nature of the act or of resisting it, then you will find [the] defendant guilty of sexual assault as charged in Count One of the indictment. [Emphasis added.]

10

So in other words, the State's brought you testimony and evidence that Michael was, in fact, married. You have not heard any evidence, and . . . [t]here's nothing in this charge that tells you it's illegal for someone who's married then to marry or purport to marry or live with someone else under the appearance of being married.

The State argued in rebuttal, "If you're married to somebody else, you can't marry [Brenda]."

In considering any other relevant information in the record, we note that the record reflects that the jurors sent one note requesting all submitted evidence, which would have included Senn's marriage license.

After performing the harm analysis prescribed for objected-to charge error, we conclude that the error in the charge did not cause Senn actual harm because the uncontested evidence showed that he was married and was therefore prohibited from marrying Brenda. *See Rogers*, 550 S.W.3d at 191. Accordingly, we overrule Senn's fourth issue.

## IV. Section 22.011(f) is not Unconstitutional as Applied to Senn[10]

In his second issue, Senn argues that Section 22.011(f) is unconstitutionally

---

[10]In the petition for discretionary review for *Senn II*, Senn did not challenge this court's constitutional holdings in *Senn I*. The Court of Criminal Appeals did not discuss those holdings in *Senn II* and vacated this court's judgment only, not its opinion. But in his brief to the Court of Criminal Appeals challenging *Senn IV*, Senn argued that the *Senn I* constitutional holdings were premised on this court's mistaken view of the Section 22.011(f) enhancement; thus, those claims should be remanded also. The Texas Court of Criminal Appeals remanded this case to us "for consideration of [Senn's] remaining claims." *See Lopez*, 600 S.W.3d at 50. Therefore, we address Senn's second and third issues that raise as-applied challenges to Section 22.011(f).

vague as applied to him in violation of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.[11] In his third issue, Senn argues that Section 22.011(f), as applied to him, violates equal protection under the Fourteenth Amendment to the United States Constitution.[12] We discuss each of these constitutional challenges below.

## A.     Standard of Review

An as-applied challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Faust v. State*, 491 S.W.3d 733, 743 (Tex. Crim. App. 2015). When reviewing the constitutionality of a statute, we presume that the statute is valid and that the legislature acted reasonably in enacting it. *Id.* at 743–44. A challenger to the constitutionality of a statute has the burden to establish its unconstitutionality. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

---

[11]Senn also relies on due-course-of-law language within the Texas constitution but does not argue that the Texas constitution provides greater protection than the federal constitution. *See* Tex. Const. art. I, § 19. Thus, we will analyze his due-process claim solely on federal grounds. *See Muniz v. State*, 851 S.W.2d 238, 251–52 (Tex. Crim. App. 1993) (holding that failure to provide a rationale for interpreting state constitution more broadly than federal constitution and failure to provide separate substantive analysis for state ground forfeits state ground).

[12]Senn also relies on equal-rights language within the Texas constitution but does not argue that the Texas constitution provides greater protection than the federal constitution. *See* Tex. Const. art. I, § 3(a). Thus, we will analyze his equal-protection claim solely on federal grounds. *See Muniz*, 851 S.W.2d at 251–52.

**B.    Section 22.011(f), as Applied to Senn, is not Unconstitutionally Vague and Therefore does not Violate Due Process**

**1.    The Law on Reviewing a Vagueness Challenge**

To withstand a vagueness challenge, a criminal statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1983); *Grayned v. Rockford*, 408 U.S. 104, 108, 92 S. Ct. 2294, 2298–99 (1972); *Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996). Further, the law must establish determinate guidelines for law enforcement. *Long*, 931 S.W.2d at 287.

A statute is not rendered unconstitutionally vague merely because words or terms are not specifically defined. *Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988); *Ahearn v. State*, 588 S.W.2d 327, 338 (Tex. Crim. App. [Panel Op.] 1979). Instead, undefined terms in a statute are to be given their plain and ordinary meanings, and words defined in dictionaries and with meanings so well-known as to be understood by a person of ordinary intelligence are not considered vague and indefinite. *Watson v. State*, 369 S.W.3d 865, 870 (Tex. Crim. App. 2012); *see* Tex. Gov't Code Ann. § 311.011(a) (providing that statutory "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage").

When a court analyzes a statute pursuant to a vagueness challenge and when, as here, no First Amendment rights are involved, the reviewing court "need only scrutinize the statute to determine whether it is impermissibly vague as applied to the

13

challenging party's specific conduct." *Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989). The challenging party bears the burden to establish that the statute is unconstitutional as applied to him; that it might be unconstitutional as applied to others is not sufficient. *See Vuong v. State*, 830 S.W.2d 929, 941 (Tex. Crim. App. 1992). We must look at an appellant's conduct alone and then examine whether that conduct was clearly prohibited by the statute. *Cain v. State*, 855 S.W.2d 714, 718 (Tex. Crim. App. 1993).

### 2. Senn's Vagueness Challenges

Senn challenges the statute as unconstitutionally vague due to (1) lack of notice and (2) "standardless" enforcement. *See Johnson v. United States*, 576 U.S. 591, 595, 135 S. Ct. 2551, 2556 (2015) (citing *Kolender*, 461 U.S. at 357–58, 103 S. Ct. at 1858). Senn contends that the statute is ambiguous as to its swath regarding the type of prohibited conduct and the person (i.e., the actor or the victim) who is married. We address each of his grounds below.

### a. Section 22.011(f) Provides Fair Notice of the Prohibited Conduct

Senn argues that "the statute fails to provide adequate notice that being married will subject an offender to a significantly greater punishment for a sexual assault than a single person." Senn contends that "Section 22.011(f) specifically indicates that the enhancement applies if the 'victim was a person whom the actor was prohibited from marrying . . . *under Section 25.01*'" and that "[r]eviewing [Section] 22.011(f) alongside

14

[Section] 25.01 would seem to lead an ordinary individual to believe that he must be engaged in a bigamous relationship to be subjected to the higher penalty."

After our initial opinion was handed down, the Texas Court of Criminal Appeals performed a detailed statutory-construction analysis of Section 22.011(f) in *Arteaga* and then reiterated parts of that analysis in *Lopez*. *See Lopez*, 600 S.W.3d at 46–47; *Arteaga*, 521 S.W.3d at 335–37. The court explained that "[t]he key to the analysis is the phrase 'prohibited from' and how it is used in the statute." *Arteaga*, 521 S.W.3d at 335. In addressing the issue of whether the "prohibited from marrying or purporting to marry" enhancement of Section 22.011(f) was limited to bigamy under Section 25.01 or also included the Texas Family Code's ban on marrying a close relative, the court determined that Section 22.011(f) was ambiguous on this point. *Lopez*, 600 S.W.3d at 46–47 (citing *Arteaga*, 521 S.W.3d at 332–33, 335–36, and Tex. Fam. Code Ann. § 6.201). The court resolved this grammatical ambiguity by examining the bigamy statute—Section 25.01—in conjunction with Section 22.011(f). *Id.* at 47 (citing *Arteaga*, 521 S.W.3d at 336). The court noted that the bigamy statute prohibits a person from engaging in six types of conduct and reasoned that Section 22.011(f)'s use of the phrase "prohibited from" incorporated all six bigamy prohibitions. *Id.* (citing *Arteaga*, 521 S.W.3d at 336, and Tex. Penal Code Ann. § 25.01). After reading Section 22.011(f) together with Section 25.01, the court concluded that the legislature intended for the State, when enhancing punishment under Section 22.011(f), to prove only facts that would constitute Section 25.01

15

bigamy if the actor were to marry or purport to marry the victim or were to live with the victim under the appearance of being married. Senn's constitutional argument reasons that a person of ordinary intelligence would not understand Section 22.011(f) to have such a meaning.

We conclude that the phrase "prohibited from marrying . . . under Section 25.01" is composed of common words, such that a person of ordinary intelligence would be put on fair notice of what conduct violates the statute. The language "was prohibited from marrying" as used in Section 22.011(f) is not ambiguous when read with Section 25.01, which lists the six types of conduct that a person is prohibited from engaging in. This language focuses on the victim's or perpetrator's status, not whether a bigamy offense actually occurred. Here, looking at Senn's conduct alone, as we are required to do in an as-applied challenge, we note that he committed sexual assault while he was married to someone other than the victim. *See Cain*, 855 S.W.2d at 718. As discussed in the analysis of Senn's first issue, the State put on evidence of the preceding facts to prove up the enhancement—that Senn was legally married to someone other than Brenda at the time of the sexual assault and thus was prohibited from marrying Brenda. *See* Tex. Penal Code Ann. § 22.011(f); *Lopez*, 600 S.W.3d at 46. Section 22.011(f) is therefore not vague as applied to Senn because, as a person of ordinary intelligence, he had fair notice that the offense of sexual assault might be

elevated to a first-degree felony should he commit that offense against a person he was prohibited from marrying for the reasons enunciated in Section 25.01.[13]

**b.      Section 22.011(f) does not Encourage Arbitrary or "Standardless" Enforcement**

Senn further argues that he was subjected to "standardless" enforcement in this case because his "status as [Brenda's] biological father also rendered him subject to the enhancement."[14]  Essentially, Senn argues that Section 22.011(f) is vague because it does not list every type of marital prohibition that will trigger enhancement.

The vagueness doctrine, however, "is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." *Colten v. Kentucky*, 407 U.S. 104, 110, 92 S. Ct. 1953, 1957 (1972).  Instead, a statute is not vague if it contains objective criteria for determining what conduct is prohibited. *See Watson*, 369 S.W.3d at 871.

---

[13]Senn also argues that the statute is ambiguous because "[i]t is unclear whether the statute provides for harsher penalty only where the defendant is married, . . . only where the victim is married, or both."  But in analyzing Senn's as-applied challenge, we focus our analysis on his conduct, not on whether the statute is unconstitutionally vague under other scenarios. *See Cain*, 855 S.W.3d at 718; *Bynum*, 767 S.W.2d at 774.

[14]Senn also argues within this section of his brief that "the jury instructions failed to provide any direction as to the type of marital prohibition [that] triggers liability under the statute."  We addressed this argument above within the charge-error analysis.

17

Here, Section 22.011(f) specifically mentions Section 25.01, which contains objective criteria alerting an actor to the type of situation in which a sexual assault may be enhanced to a first-degree felony. *See id.* The Texas Court of Criminal Appeals in *Arteaga*, and as reiterated recently in *Lopez*, has held that the version of Section 22.011(f) that was in effect when Senn committed the sexual assault was limited to bigamy and did not encompass sexual conduct that is prohibited by consanguinity. The fact that Senn was also prohibited from marrying Brenda because she was his daughter does not make Section 22.011(f) vague as applied to him. *Cf. Earls v. State*, 707 S.W.2d 82, 86–87 (Tex. Crim. App. 1986) (stating that the fact that a person's conduct violates two parts of a statute or even two different statutes does not make the statute vague as long as the proscribed conduct is described so as to give a person fair notice that it violates the statute); *State v. Empey*, 502 S.W.3d 186, 193–94 (Tex. App.—Fort Worth 2016, no pet.) (holding that Penal Code Section 31.03(e)(4)(F) does not violate due process and does not encourage arbitrary and discriminatory enforcement merely because the prosecutor can choose between pursuing alternative but clearly-defined penalties that may apply to the same act of theft). Because Section 22.011(f) is general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that the actor will be penalized more harshly if he is prohibited from marrying the victim—as Senn is here—it is not vague as applied to Senn and therefore does not permit arbitrary enforcement. *See Colten*, 407 U.S. at 110, 92 S. Ct. at 1957; *Watson*, 369 S.W.3d at 871.

### 3. Section 22.011(f) is not Unconstitutionally Vague as Applied to Senn

Because Senn has not satisfied his burden to show that Section 22.011(f) is unconstitutionally vague specifically as applied to his conduct, we hold that Section 22.011(f) is not unconstitutionally vague as applied to him and therefore does not violate due process. *See generally Estes v. State* (*Estes III*), 566 S.W.3d 342, 347–48 (Tex. App.—Fort Worth 2018, no pet.) (op. on remand) (holding that Section 22.011(f) did not violate substantive due process as applied to Estes because "the enhanced-punishment scheme triggered by Estes's marital status at the time of the offenses did not directly limit or substantially interfere with his right to marry").[15] We overrule Senn's second issue.

### C. Section 22.011(f), as Applied to Senn, does not Violate Equal Protection

When we addressed Senn's as-applied equal-protection challenge to Section 22.011(f) in *Senn I*, the Texas Court of Criminal Appeals had ruled only on whether Section 22.011(f) was facially constitutional. *See Rosseau*, 396 S.W.3d at 558. Since then, the Texas Court of Criminal Appeals has addressed an as-applied equal-protection challenge to Section 22.011(f) and has concluded that the statute is rationally related to the compelling interest that the State has in protecting children from sexual abuse. *See Estes II*, 546 S.W.3d at 694, 700, 706. In *Estes II*, the appellant

---

[15]The initial opinion from this court, *Estes v. State* (*Estes I*), 487 S.W.3d 737 (Tex. App.—Fort Worth 2016), was reversed by the Court of Criminal Appeals. *See Estes v. State* (*Estes II*), 546 S.W.3d 691 (Tex. Crim. App. 2018).

had engaged in a sexual relationship with a fourteen-year-old girl while he was married to someone else. *Id.* at 694. The Court of Criminal Appeals held that Section 22.011(f), as applied to Estes—a married man who was convicted of sexual assault— was rationally related to the State's interest in protecting children from sexual exploitation. *Id.* at 700, 706. Because the basic facts before us are the same as those in *Estes*—a married man was convicted of sexual assault—we follow suit and hold that Section 22.011(f) as applied to Senn is rationally related to the State's interest in protecting children from sexual exploitation. *See id.* Accordingly, we overrule Senn's third issue.

## V. Conclusion

Having addressed and overruled each of the four issues that Senn raised in his initial brief, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 15, 2020

20