**Affirmed and Opinion Filed July 18, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00253-CR

**CHRISTOPHER MAURICE DANIELS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-84498-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Pedersen, III

A jury found appellant Christopher Maurice Daniels guilty of aggravated assault with a deadly weapon and assessed his punishment at eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, appellant challenges the sufficiency of the evidence supporting the jury's finding that he used or exhibited a firearm. We affirm the trial court's judgment.

## Background

The complaining witness, Amit Thing, worked as a clerk in the "My Beer Store #2" in Dallas; he testified at trial concerning the events on the night of the offense. Thing was talking on the phone when appellant entered the store and inquired about the price of a cigar. Thing told him the price, and when appellant asked again what the price was, Thing told him and pointed to the display case where the price was marked. An argument developed. Appellant told Thing to come outside and fight him; Thing told appellant to leave and not to come back. Instead of leaving, appellant knocked over a display of small items and threw them on the ground. At that point, Thing locked the door remotely and called the police. While the door was locked, appellant tried to get behind the counter where Thing was, called Thing a racial slur, and threatened to end Thing's life. When another customer wanted to leave, Thing unlocked the door, and appellant prepared to leave the store as well. But appellant stopped in the doorway, turned back, pointed a gun at Thing, and shot. Thing ducked, and the shot went over his head, shattering a display case. Appellant left the store and drove away.

At trial, the State offered security video of the altercation that comported with Thing's testimony. It also offered photographs from the police investigation, which showed multiple bullet fragments as well as a bullet hole and a shattered display case.

Detective Fred Carcone, the lead investigator on this case, also testified. He explained how the police identified, located, and arrested appellant.

Ultimately, the jury found appellant guilty of aggravated assault and assessed his punishment at eight years' confinement. This appeal followed.

**Discussion**

Appellant's indictment charged that he did:

> then and there intentionally and knowingly threaten Amit Thing with imminent bodily injury by pointing a firearm at Amit Thing and did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault.

In his single appellate issue, appellant argues that the evidence was legally insufficient to support the jury's conclusion that he used or exhibited a deadly weapon during the commission of the offense. Appellant does not contest that he threatened Thing. But he contends that the State failed to produce any evidence that the object he brandished was a firearm. We agree that by alleging specifically in the indictment that appellant used a firearm, the State was required to prove that the object used was in fact a firearm. *See Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985). The Texas Penal Code does not define the word "firearm" as it is employed within the definition of a "deadly weapon." TEX. PENAL CODE ANN. § 1.07(a)(17). But our law is settled that a firearm is a deadly weapon per se. *Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. 1980).

We review appellant's challenge by examining the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In doing so, we must defer to the jury's responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson,* 443 U.S. at 318–19).

Appellant concedes that the object he holds and points in the video "looks like a firearm" and "made a loud noise like a firearm." But he contends that the State did not dispel all reasonable doubts that the object was in fact a firearm and "not a replica, look-alike, prop, toy, or other similar counterfeit." Throughout Thing's testimony, he and both lawyers questioning him refer to the object used by appellant as a "gun."[1] The term "gun" is a broad term that can include both firearms and nonlethal instruments, such as the list appellant sets forth. We have concluded, though, that testimony using the term "gun" is sufficient to authorize the jury to find that a deadly weapon was used when there is no evidence indicating the use of a toy

---

[1] We note that at the end of Thing's direct testimony, after he had identified appellant as the shooter, the following exchange took place:

Q. Yeah, did [appellant] threaten you with imminent bodily injury?

A. Yeah.

Q. Is that a yes?

A. Yes.

Q. And did he do that by pointing a firearm at you?

A. Yes, sir.

Appellant thus agreed with counsel's use of the term "firearm," but when using his own words, appellant called the object a "gun."

gun or other nonlethal instrument. *Garcia v. State*, No. 05-18-01366-CR, 2021 WL 2623217, at \*7 (Tex. App.—Dallas June 25, 2021, pet. ref'd).

In this case, the evidence establishes that appellant's weapon was not some type of "counterfeit" gun. Not only did the weapon look like a firearm and make a loud noise when appellant fired it, the State produced evidence of the bullet it expelled. The jury saw photographs of bullet fragments as well as the display case the bullet shattered. Our review of the record identified no controverting evidence from which a reasonable juror could have inferred the weapon appellant brandished was a replica, look-alike, prop, toy, or other similar counterfeit. In the absence of such evidence, Thing's use of the term "gun" was sufficient to support the jury's inference that appellant used a firearm. *See id.*; *see also Wright*, 591 S.W.2d at 459 ("Testimony using any of the terms 'gun', 'pistol' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon was used.").

Appellant challenges the reasoning of *Wright* and cases that follow it. He criticizes "precedent holding that vague testimony using generic synonyms may support a deadly weapon finding." But *Wright* does no more than reflect the settled rule that terms not defined in a statute are to be given their plain and ordinary meaning. *Watson v. State*, 369 S.W.3d 865, 870 (Tex. Crim. App. 2012). Thus, we construe words according to common usage. TEX. GOV'T CODE ANN. § 311.011(a). And words that have "meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite." *Watson*, 369

S.W.3d at 870. Jurors in this case could have reasonably inferred from Thing's testimony—together with the State's video and photographic evidence—that appellant shot at him using a firearm. *See Hooper*, 214 S.W.3d at 13 (jurors draw reasonable inferences from basic facts to ultimate facts).

Based on the evidence offered by the State, viewed in the light most favorable to the verdict, reasonable jurors could find beyond a reasonable doubt that appellant used or exhibited a firearm while committing the offense of assault. *See Jackson*, 443 U.S. at 318–19. Accordingly, the evidence is legally sufficient to support appellant's conviction. We overrule his sole issue.

## Conclusion

We affirm the trial court's judgment.

220253f.u05

Do Not Publish
TEX. R. APP. P. 47

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER MAURICE
DANIELS, Appellant

No. 05-22-00253-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-84498-
2019.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of July, 2023.